IRA J. MASON
v.
JAMES R. PAUL.

*Libel—Instructions.*

1. In an action for libel, alleged to be contained in a circular made up in part of a portion of the opinion of this court rendered in a previous suit, brought by the plaintiff herein, this court holds, in view of the giving of

Mason v. Paul.

erroneous instructions in behalf of the plaintiff, that the judgment in his favor can not stand.

2. An instruction should not be given in such case referring to the damages before any are proven.

[Opinion filed December 31, 1892.]

APPEAL from the Superior Court of Cook County; the Hon. THEODORE BRENTANO, Judge, presiding.

In 1879 James R. Paul brought suit against the Ætna Life Insurance Company to recover from it certain premiums paid upon a life insurance policy to him by it theretofore issued, which policy the company had assumed to cancel because of certain alleged false representations made by him in procuring the insurance. He obtained a judgment, which was, on appeal, reversed by this court. The opinion rendered by this court in reversing said judgment is reported in 10 Ill. App. at page 431.

Upon the trial of the present case, it was admitted that upon a retrial of the former case of Paul v. The Ætna Life Ins. Co., a judgment for $575 was obtained by the plaintiff, which was, on appeal, affirmed by this court.

After the affirmance of the judgment rendered upon the second trial of that cause, Ira J. Mason, then the manager, in Chicago, of the Ætna Life Ins. Co., published a circular containing an abbreviated statement of that case, as reported in 10 Ill. App., at page 431; and also in said circular set forth the substance of representations made by Paul in procuring his insurance in the Ætna Company, his application to the company to sell his insurance, and his letter describing his ailments, accompanying such application to sell; the circular concluding with the statement, " Judge Anthony says, page 445, that these representations were false, and known to be so by the plaintiff."

Paul was, when such circular was published, a life insurance solicitor in Chicago. He brought suit against the Ætna Company and Mason for libel alleged to be contained in the said circular, and obtained a judgment which was

reversed by this court; the opinion upon such reversal is reported in 23 Ill. App. 611.

Upon a retrial another judgment was obtained by Paul which was reversed by this court; the opinion then given being reported in 37 Ill. App. 439.

At the conclusion of the evidence upon the third trial; the plaintiff dismissed his case against the Ætna Life Ins. Co., and obtained a judgment for $1,500 against Mason, who prosecutes this appeal.

Messrs. EDWIN BURRITT SMITH and SOLON D. WILSON, for appellant.

Mr. E. A. SHERBURN and Mrs. FLORA V. W. TIBBETS, for appellee.

MR. JUSTICE WATERMAN. At the instance of the plaintiff the court, upon the last trial, gave to the jury the following instruction:

"If the jury believe, from the evidence, that the defendant published the circular alleged in the declaration, and that, at the time of the publication, the matter contained therein or any part thereof was not, in point of fact, true, then the jury must find the defendant guilty and assess the damages not exceeding the amount alleged in the declaration, which is $25,000."

The statement in the circular, "Judge Anthony says," it was undisputed, was untrue; by mistake the name of Judge Anthony instead of Judge Bailey being used. This error was not claimed upon the trial to have been material, or of any consequence. Yet as such error made the publication literally untrue, the jury, by the above instruction, were told to find the defendant guilty and assess the damages, not exceeding $25,000. No special damages were alleged or proven.

By this instruction the court assumed, under the undisputed facts, to charge that the publication was libelous, actionable, and that the jury should assess *the* damages,

Mason v. Paul.

not exceeding $25,000. At the stage of the case in which the case then was, no special damages being alleged, there were no damages which could properly be called *the* damages. *The* is a definite article. Legal damages may be implied and punitive may be imposed, but the amount of each is indefinite; and where none have been proven, until some have been found, there are no defined damages.

The instruction may have been taken by the jury as an assumption that there was in the case evidence showing that the plaintiff had suffered damages other than those implied from a libelous publication.

The court also, at the instance of the plaintiff, gave the following instruction:

"The jury are further instructed that if they believe from the evidence that in the progress of a suit between the plaintiff and the Ætna Life Insurance Company, the Appellate Court of Illinois said of the plaintiff in substance that "as the evidence now stands, the plaintiff has made representations which he knew to be false," and that afterward the final result of the suit was a vindication of the plaintiff from said charge, and that defendant knowing such final result, afterward published the words so spoken by the Appellate Court alone, and failed to publish the final result of said suit, then such publication on the part of defendant was in law a libel."

From the statement of facts and the opinion in the case of Paul v. The Ætna Life Ins. Co., to be found in 10 Ill. App. 431, which was introduced in evidence in the trial of the present case, it appears that upon the first trial of that cause, the company defended upon the ground that the insurance canceled was procured by Paul upon false representations by him made.

This court in its opinion said, in substance, that it was abundantly shown that the representations made by Paul in procuring the insurance were false; and also—

"It thus appears that the policy was avoided in consequence of the plaintiff's own fraud."

It is now insisted that Paul, having upon a re-trial,

obtained a judgment in that case, it was by such judgment established that Paul had not made false representations in procuring the policy of insurance.

We can not assent to this.   There is nothing in the record now presented to us, which shows upon what issues the case of Paul v. The Ætna Ins. Co. was finally tried.   Our statute permits amendments of pleadings to be made at any time before or after verdict, and we can not assume that the case was ultimately disposed of upon the issues which were discussed in the 10 Ill. App.

There was no evidence from which the jury could find that the "final result was a vindication of the plaintiff from said charge."

The question of whether the defendant is not, because of the fifth special finding, entitled to judgment in his favor upon the fourth and fifth pleas, not having been discussed, we express no opinion thereon.

The judgment of the Superior Court is reversed and the cause remanded.

*Reversed and remanded.*